UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DARRYL JONES,                                          :

                              Petitioner,              :

            - against -                                :

PHILIP HEATH, Superintendent,                          :
Sing Sing Correctional Facility, et ano,

                                                       :

                              Respondents.             :

                                                       :

-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___9/2/11____

**REPORT AND
RECOMMENDATION
TO THE HONORABLE
RICHARD J. SULLIVAN**

10 Civ. 8644 (RJS) (FM)

**FRANK MAAS**, United States Magistrate Judge.

On May 20, 2004, petitioner Darryl Jones ("Jones") pleaded guilty in

Supreme Court, New York County, to one count of Sodomy in the Second Degree, in

violation of Section 130.45(2) of the New York Penal Law ("PL"). Thereafter, he was

adjudicated a persistent felony offender, pursuant to PL § 70.10, and sentenced to an

indeterminate prison term of fifteen years to life. Jonse now seeks a writ of habeas

corpus, pursuant to 28 U.S.C. § 2254, based on Apprendi v. New Jersey, 530 U.S. 466

(2000), and its progeny. Jones contends that PL § 70.10 violates the Sixth and Fourteenth

Amendments because it deprived him of his right to a jury determination of any fact that

increases the maximum sentence to which he was exposed.

In Portalatin v. Graham, the Second Circuit, sitting en banc, upheld PL

§ 70.10 against an Apprendi challenge from three petitioners similarly situated to Jones.

624 F.3d 69 (2d Cir. 2010) (en banc). The Second Circuit reasoned that it was bound by

the New York Court of Appeals' conclusion that PL § 70.10 authorizes a sentence of

fifteen years to life imprisonment "based on the defendant's predicate felony convictions

alone."  Id. at 88 (quoting People v. Rivera, 5 N.Y.3d 61, 66-67 (2005)) ("'The statute

authorizes indeterminate sentencing once the court finds persistent felony offender

status,' and 'defendants are eligible for persistent felony offender sentencing based solely

on whether they had two prior convictions.'") (emphasis in Rivera).  As the Circuit stated,

"[w]hether our Court agrees or disagrees with the Court of Appeals' construction of New

York law is of no moment.  As the Supreme Court has long held, state courts are the

ultimate expositors of state law, and neither this Court nor any other federal tribunal has

any authority to place a construction on a state statute different from the one rendered by

the highest court of the State."  Id. at 89-90 (internal quotation marks, brackets, and

citation omitted).

On March 21, 2011, the Supreme Court declined the petitioners' requests

for a writ of certiorari in Portalatin.  See Morris v. Artus, 130 S. Ct. 1691 (2011); Phillips

v. Artus, 130 S. Ct. 1691 (2011); Portalatin v. Graham, 131 S. Ct. 1693 (2011).

Accordingly, because Portalatin remains the law of this Circuit, Jones' petition for a writ

of habeas corpus should be denied.

Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and

Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule

72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a) and (d).  Any

such objections shall be filed with the Clerk of the Court, with courtesy copies delivered

to the chambers of the Honorable Richard J. Sullivan, and to the chambers of the

undersigned at the United States Courthouse, 500 Pearl Street, New York, New York

10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72(b).  Any requests for an extension of time for filing objections must be directed to

Judge Sullivan.  The failure to file these timely objections will result in a waiver of those

objections for purposes of appeal.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:      New York, New York
            September 2, 2011

                                        FRANK MAAS
                                        United States Magistrate Judge


Copies to:

Sheilah Fernandez
The Legal Aid Society
Fax:  (212) 509-8431

Lea L. La Ferlita
Assistant Attorney General
Fax:  (212) 416-8010

3