UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-5-12
```

DARRYL JONES,

                        Petitioner,

-v-

PHILIP HEATH, Superintendent, Sing Sing
Correctional Facility, *et uno*,

                        Respondents.

No. 10 Civ. 8644 (RJS) (FM)
ORDER ADOPTING REPORT AND
RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

      Petitioner Darryl Jones ("Jones") seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his fifteen-year sentence as a persistent felony offender, pursuant to New York Penal Law ("PL") § 70.10. Before the Court are the Report and Recommendation of the Honorable Frank Maas, Magistrate Judge, dated September 2, 2011 (the "Report"), recommending that Jones's writ of habeas corpus be denied. For the reasons that follow, the Court adopts the Report in its entirety and denies Jones's petition for a writ of habeas corpus (the "petition").

I. BACKGROUND

      On May 20, 2004, Jones pleaded guilty in Supreme Court, New York County, to one count of Sodomy in the Second Degree, in violation of PL § 130.45(2). Thereafter, the court, over counsel's objection, adjudicated Jones a persistent felony offender, pursuant to PL § 70.10, and sentenced him to fifteen years to life imprisonment. On May 26, 2009, the Appellate Division, First Department, affirmed Jones's conviction, holding that "[t]he sentencing court properly exercised its discretion in adjudicating [Jones] a persistent felony offender, and that

[the] adjudication was not unconstitutional." *People v. Jones*, 62 A.D.3d 599, 599–600 (N.Y. App. Div. 1st Dep't 2009) (citing *People v. Quinones*, 12 N.Y. 3d 116 (2009)). On September 1, 2009, Chief Judge Jonathan Lippman denied Jones leave to appeal to the New York Court of Appeals. *People v. Jones*, 13 N.Y.3d 797 (2009).

On November 16, 2010, Jones initiated this action by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 2.) By Order dated November 22, 2010, this matter was referred to Judge Maas (Doc. No. 3), and on February 9, 2011, Jones filed a memorandum of law in support of his petition (Doc. No. 5 ("Mem.")). In his memorandum, Jones argues, based on his reading of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, that PL § 70.10 violates the Sixth and Fourteenth Amendments of the United States Constitution. Specifically, Jones argues that the law deprived him of his right to a jury determination, based on a reasonable doubt standard, of any facts that increased the maximum sentence to which he was exposed. (Mem. at 30–37.) Notably, Jones recognized that "this Court is bound" by *Portalatin v. Graham*, 624 F.3d 69 (2d Cir. 2010) (en banc), which upheld PL § 70.10 against an *Apprendi* challenge from three petitioners similarly situated to Jones, but nonetheless requested that the Court hold his appeal in abeyance pending the Supreme Court's consideration of whether to grant a writ of certiorari in that case. (Mem. at 37.) Accordingly, by Order dated February 10, 2011, Judge Maas adjourned Respondents' time to answer the petition and directed Jones's counsel to notify the Court when the Supreme Court had fully resolved its decision on whether to grant a writ of certiorari. (Doc. No. 6.)

On March 21, 2011, the Supreme Court declined each of the *Portalatin* petitioners' requests for a writ of certiorari. *See Morris v. Artus*, 130 S. Ct. 1691 (2011); *Phillips v. Artus*, 130 S. Ct. 1691 (2011); *Portalatin v. Graham*, 131 S. Ct. 1693 (2011). Accordingly, on

2

September 2, 2011, Judge Maas issued the Report, in which he recommends that Jones petition for a writ of habeas corpus be denied because *Portalatin* "remains the law of this Circuit." (Doc. No. 8 at 2.) On September 8, 2011, the Court granted Jones's request for an extension of time in which to file objections until September 30, 2011. (Doc. No. 9.) Jones filed his objection on September 29, 2011, and accordingly, the objection is timely. On October 7, 2011, the Court received in chambers a response from Respondents, requesting only that the Court adopt the Report in its entirety.

## II. LEGAL STANDARD

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake a *de novo* review of the defendant's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, where objections are "conclusory or general," or where the defendant "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie,* No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

### III. DISCUSSION

In his objection to the Report, Jones acknowledges that, following the Supreme Court's denial of the *Portalatin* petitioner's requests for writs of certiorari, "this Court [remains] bound by the ruling of the Court of Appeals in [*Portalatin*]." (Obj. at 2.) Nonetheless, Jones "continues to press the argument in his habeas petition that his sentencing as a discretionary persistent felony offender was unconstitutional under the Sixth and Fourteenth Amendments. (See [Jones's] original [memorandum])." (*Id.*)

Because Jones "simply reiterates his original arguments," incorporating his memorandum only by a passing reference, the Court reviews Jones's objection for clear error. *See Walker*, 216 F. Supp. 2d at 292; *Cartagena*, 2008 WL 2169659, at *1. Upon reviewing the record, the Court finds that Judge Maas's careful and well-reasoned Report is not facially erroneous. However, even were the Court to review Jones's objection *de novo*, it would find no error in Judge Maas's Report. In light of the Supreme Court's denial of the *Portalatin* petitioner's requests for writs of certiorari, there is no question that *Portalatin* remains the law of this Circuit and binding on this Court. Therefore, because, under *Portalatin*, PL § 70.10 is constitutional, Jones's petition is without merit.

### IV. CONCLUSION

Accordingly, for the aforementioned reasons, the Court adopts the Report in its entirety and, for the reasons set forth therein, denies Jones's petition for a writ of habeas corpus. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

DATED: July 5, 2012
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE